## STATE OF MAINE *vs.* WINFIELD S. EDMINISTER.

### Waldo.    Opinion March 28, 1906.

*Exceptions Transmitted to Chief Justice. Same Under R. S., c. 79, § 55, Must Be
Transmitted by Order of Justice Presiding at Nisi Prius.
R. S., c. 79, §§ 37, 44, 59.*

Exceptions which are deemed frivolous and intended for delay by the Justice presiding at nisi prius, under R. S., c. 79, sec. 55, must be entered in the Law Court under R. S., c. 79, sec. 44, unless the Justice presiding orders that such exceptions be transmitted to the Chief Justice for the consideration and determination of the same by the Justices.

These exceptions in thirteen cases of *State* v. *Winfield S. Edminister,* were transmitted to the Chief Justice by the clerk of the court without any order or direction in relation thereto by the Justice presiding.

Ordered : That the cases be returned to the clerk to be entered at the next term of the Law Court.

On exceptions transmitted to the Chief Justice.  Cases ordered to be returned to the Clerk of Courts, Waldo County, to be certified by him to the Law Court.

The defendant was convicted in thirteen criminal cases against him, at the same term of the Supreme Judicial Court, Waldo County.  In each of these cases the defendant filed a motion in arrest of judgment.  The presiding Justice overruled each of these motions and the defendant excepted in each case, and the exceptions in each case were "adjudged frivolous and intended for delay."

These exceptions were then transmitted to the Chief Justice by the Clerk of Courts, Waldo County, of his own motion, without any order or direction so to do by the presiding Justice who had adjudged the exceptions "frivolous and intended for delay."

The defendant contended among other things that under the provisions of section 55 of chapter 79 of the Revised Statutes, these exceptions were not legally in the hands of the Chief Justice so that they could be "considered and decided by the justices" as they had not been transmitted to the Chief Justice by the Justice who had adjudged the same to be "frivolous and intended for delay."

The facts and contentions are stated in the opinion.

*B. F. Foster,* County Attorney, for the state.

*W. H. McLellan,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WISWELL, C. J.  By R. S. chap. 79, sec. 55, in relation to exceptions, it is provided that if the Justice presiding at nisi prius deems exceptions frivolous and intended for delay, "he may so certify on motion of the party not excepting; and such exceptions may then be transmitted at once by such Justice to the Chief Justice, . . . . and they shall be considered and decided by the Justices of said court as soon as may be."  In these thirteen criminal cases the respondent's exceptions in each case were deemed frivolous and intended for delay by the Justice presiding and were so certified by him; the cases were subsequently transmitted by the clerk to the Chief Justice, but without any order or direction, in this respect, by the presiding Justice so far as the cases disclose.  Counsel for respondent contends that for this reason, as well as because the exceptions were not adjudged frivolous upon the motion of the party not excepting, the cases are not properly before the Justices of this court for their determination, and that they should be entered at the next term of the law court.

We think that this contention must be sustained.  The general provisions in relation to the entry of cases in the law court are contained in the R. S., c. 79, sec. 44, as follows: "At least ten days before the sitting of each term of the law court, the clerks of courts in the several counties of the state, shall certify to the clerk of such term, all cases pending in the supreme judicial and superior courts in their respective counties, marked 'law' and all other matters of which the law court has jurisdiction, except cases in which exceptions or appeals in proceedings in equity have been adjudged frivolous and intended for delay; and they shall be entered on the docket of the law court and shall, together with all matters therein pending, be in order for argument, determination or continuance in the alphabetical order of counties."

To this general rule there are two exceptions, one contained in the section of the statute already referred to, applicable to criminal cases and common law actions, and the other contained in section 37 of the same chapter in relation to exceptions and appeals in proceedings in equity, whereby it is provided that in case such appeal or exceptions are adjudged frivolous and intended for delay the sitting justice may so certify, "and such exceptions and appeals, and the record connected therewith, shall be transmitted to the chief justice." In this class of cases the appeal or exceptions shall be transmitted when they are certified by the justice as frivolous. While in the statute in relation to exceptions in these criminal cases it is provided that they "may then be transmitted at once by such justice to the chief justice." The distinction is obvious and must be presumed to have been intended. In the one case the statute is mandatory, while in the other the question as to whether or not the exceptions shall be presented to the justices for determination, without the opportunity of oral argument, is left to the discretion of the justice presiding. He may certify that the exceptions are deemed by him frivolous, and still may not order them transmitted to be argued, considered and determined in this summary manner. He may be of the opinion, notwithstanding his adjudication that the exceptions are frivolous, that the party should have an opportunity to argue the case orally before the law court.

In these cases, as we have seen there is nothing to show that the presiding justice ordered these cases transmitted for the consideration and determination of the justices, and a certified copy of the docket entries in each of the cases which counsel for the respondent files with his brief fails to disclose that any such order or direction was made. We think that under the statute which provides for such a determination by the justices of the court there must be such an order.

The cases will consequently be returned to the clerk to be certified by him to the next term of the law court in accordance with the general provisions of the statute.

*So ordered.*